UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEXAS SHREDDER – LINDEMANN USA INC., | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 5:25-cv-228 |
| ALTER TRADING CORPORATION, d/b/a ALTER METAL RECYCLING | § § § § | |
| *Defendant.* | § § | |

## COMPLAINT

Plaintiff, Texas Shredder – Lindemann USA Inc. ("Lindemann"), alleges as follows for its Complaint against Alter Trading Corporation, d/b/a Alter Metal Recycling ("Alter").

### Jurisdiction and Parties

1. Texas Shredder – Lindemann USA Inc. is a corporation formed under the laws of the state of Delaware, with its principal place of business located in San Antonio, Texas.

2. For purposes of establishing federal diversity jurisdiction, Lindemann is considered a citizen of the States of Delaware and Texas.

3. Alter Trading Corporation is a corporation formed under the laws of the state of Iowa, with its principal place of business located in St. Louis, Missouri.

4. Alter Metal Recycling is a registered fictitious name of Alter Trading Company. Alter Metal Recycling is the successor in interest to Alter Trading Company L.C., a/k/a Alter Trading Corp. LLC.

5. For purposes of establishing federal diversity jurisdiction, Alter is considered a citizen of the States of Iowa and Missouri.

6.   This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332. The matter in controversy is between citizens of different states. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7.   This Court has personal jurisdiction over Alter for purposes of this dispute because Alter purposefully availed itself of the privilege of conducting business in this district and this action arises out of actions and transactions taking place in this district.

8.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims asserted in this action arose in this judicial district.

**General Allegations**

9.   Lindemann is in the business of manufacturing products and equipment for use in recycling.

10.   Upon information and belief, Alter is in the business of recycling and reselling metal.

11.   Between 2021 and 2024, Lindemann (or its predecessor in interest) supplied Alter with hammers for use in shredding machines used for metal recycling (the "Hammers").

12.   In their normal usage, the Hammers are considered a wearable item.

13.   Lindemann's sale of the Hammers to Alter is subject to, and governed by Lindemann's Sales Terms and Conditions (the "Terms and Conditions").

14.   Among other provisions, Section 7 of the Terms and Conditions expressly excludes any warranty with respect to products that are subject to wear or are consumables, such as the Hammers:

> **EXCLUSIONS TO WARRANTY**: TEXAS SHREDDER MAKES NO WARRANTIES AS TO PERFORMANCE OR PRODUCTION, NOR AS

TO WEAR PARTS OR CONSUMABLES, NOR AS TO ANY SEPARATELY LISTED ITEM OF THE PRODUCT(S) WHICH IS NOT MANUFACTURED BY TEXAS SHREDDER and covered by the manufacturer's warranty. Texas Shredder and its suppliers shall have no obligation under the limited warranty as to any Product which has been improperly stored or handled, or which has not been installed, operated or maintained according to Texas Shredder or supplier furnished manuals or other instructions or is operated during the warranty remedy period with other than genuine Texas Shredder parts.

15. Among other provisions, Section 8 of the Terms and Conditions requires that any claims of defect for goods that are covered by warranty must be brought within twelve months after goods in question were delivered:

**LIMITED WARRANTY REMEDY**: (A) If, within twelve (12) months from date of delivery, but not more than eighteen (18) months from date that Buyer is advised that Products are ready for shipment, Buyer discovers that a Product was not as warranted and promptly notifies Texas Shredder in writing thereof, Texas Shredder shall cause the repair or replacement of the defective Product or part thereof. Buyer shall assume all responsibility and expense for removal, reinstallation, and freight in connection with replacement parts furnished by Texas Shredder. Buyer's entitlement to warranty remedies is contingent upon Buyer's cooperation in permitting Texas Shredder to investigate the defect and in returning replaced parts to Texas Shredder, if requested, at Texas Shredder's expense. The warranty period shall not be extended by the repair or replacement, nor shall there be a separate remedy period for any replacement Product or part…

## The Dispute

16. Alter has asserted that certain of the Hammers are defective and do not conform to the requirements of the parties' contracts.

17. Lindemann denies that the Hammers are defective or otherwise fail to conform to the requirements of the parties' contracts.

18. Lindemann has attempted to work with Alter in good faith to review the claims that Alter has asserted. However, Alter failed to fully cooperate in the investigation, including failing to grant full access to Alter's facilities where the Hammers were in use.

19. Based on the information available to Lindemann, Lindemann believes that the root cause of any elevated failure rates Alter has experienced with the Hammers is due to factors for which Lindemann has no responsibility, including: (i) use of the Hammers in connection with improper material (such as hardened metal materials); and (ii) lack of sufficient clearance between the Hammers and the anvils/liners/grids in Alter's shredders.

20. In a letter dated January 7, 2025, Alter claimed that it was aware of 168 Hammers that were "premature failures," representing approximately 5.3% of the 2,880 Hammers that Lindemann supplied to Alter over nearly four years as part of the orders in question.

21. In its January 7, 2025 letter, Alter demanded that Lindemann agree to provide a full refund for the 168 "premature failures" and accept return of Alter's remaining inventory of the Hammers, for a total refund in excess of $1.2 million.

22. Lindemann denies that it has any liability for Alter's claims. Among other things:

    A. Lindemann denies that the Hammers were defective or non-conforming; and

    B. As wearables, Lindemann provides no warranty for the Hammers.

23. Furthermore, even if certain of the Hammers were found to be defective, Alter's claim is overstated and untimely. Among other things:

    A. Many of the Hammers that Lindemann understands are at issue were delivered more than twelve months ago;

    B. Alter failed to provide reasonable written notice of a claim as required under the Uniform Commercial Code; and

    C. Any liability Lindemann otherwise might have is limited to Hammers that have actually suffered failures.

## COUNT I – DECLARATORY JUDGMENT

24. Lindemann restates and incorporates the allegations contained in the preceding paragraphs as though set forth separately herein.

25. Alter has made a claim to Lindemann that the Hammers are defective and failed to conform to the requirements of the parties' contracts.

26. Lindemann denies that the Hammers are defective or nonconforming, and Lindemann otherwise denies that it has breached any obligation to Alter.

27. A declaratory judgment is necessary to clarify the rights and obligations of the parties and guide their future conduct.

28. An actual controversy exists between the parties such that declaratory judgment is appropriate pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

29. Lindemann is entitled to a declaratory judgment that the Hammers are not defective and Lindemann has no liability to Alter.

30. In the alternative, to the extent that any Hammers may be deemed subject to warranty and defective, Lindemann requests declaratory judgment that any liability Lindemann may have is limited to such Hammers that: (i) were delivered in the twelve months preceding Alter's January 7, 2025 demand; and (ii) have actually suffered failures.

## PRAYER FOR RELIEF

WHEREFORE, Lindemann requests that the Court:

A. Enter a declaratory judgment in favor of Lindemann as set forth in Count I of this Complaint; and

B. Award Lindemann all such other and further relief to which it may be entitled by law, contract, or equity, including, but not limited to, its costs and attorney fees incurred in connection with this Action.

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/*  Geoffrey H. Bracken
Geoffrey H. Bracken (Tx. Bar No. 02809750)
Quynh-Nhu Truong (Tx. Bar No. 24137253)
1000 Louisiana Street, Suite 2000
Houston, TX 77002-2099
713.276.5500
gbracken@foley.com
qtruong@foley.com

Nicholas J. Ellis (Pro hac vice to be filed)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
313.234.7100
nellis@foley.com

**ATTORNEYS FOR PLAINTIFF
TEXAS SHREDDER – LINDEMANN
USA INC.**

Dated: March 1, 2025